B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____ Nevada _____

In re  ALEJANDRO CORRAL
           Debtor

Case No.  BK-S-17-11765-ABL

Chapter  11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Alejandro Corral

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 300 South Fourth Street, 11th Floor, Las Vegas, Nevada | 12/18/17    9:00 am |

The examination will be recorded by this method: Stenographic

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/6/17

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Onyx Enterprises Int'l Corp._____, who issues or requests this subpoena, are:
Chad C. Butterfield, 300 South Fourth Street, 11th Floor Las Vegas, Nevada  89101
(702) 727-1400; chad.butterfield@wilsonelser.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT "A"

All documents pertaining to the liabilities and financial condition of Regency Global Solutions, Inc. d/b/a Precharge Risk Management Solutions ("Regency"), including but not limited to:

- Documents identifying the names and addresses of all stockholders, officers and directors.
- If Regency is a partnership, documents identifying the names and addresses of all partners.
- If Regency is a limited partnership, documents identifying the names and addresses of all general partners.
- If Regency is a limited liability company, documents identifying the names and addresses of all members and managers.
- Documents identifying all businesses in which the principals of Regency have an interest, including the nature of any such interest.
- Bank account statements for all bank accounts of Regency, from January 1, 2014 to the present.
- Documents pertaining to real estate owned by Regency, including documents identifying: (a) name(s) in which property is owned; (b) address of property; (c) date the property was purchased; (d) purchase price; (e) name and address of mortgage holder; (f) balance due on mortgage; and (g) the name and addresses of all tenants and monthly rentals paid by each tenant.
- Documents pertaining to motor vehicles owned by Regency.
- Documentation of all accounts receivable due to Regency, including the name, address and amount due on each receivable.
- Documentation of all transfers of business assets that occurred within six months prior to the bankruptcy filing, including: (a) the nature of the asset; (b) the date of the transfer; (c) the name and address of the person and/or entity to whom the asset was transferred; (d) the consideration paid for the asset and the form in which it was paid; and (e) what happened to the consideration paid for the asset.
- If Regency is alleged to be no longer active, documentation regarding (a) the date of cessation; (b) all assets as of the date of cessation; (c) the present location of those assets; (d) if the assets were sold or transferred.
- Judgments entered against Regency.
- All contracts or agreements between Regency and collection agencies, entered into from January 1, 2014 to the present.

Case 17-11765-abl    Doc 74    Entered 12/06/17 09:43:20    Page 5 of 33

*Mary A Schott*

Mary A. Schott
Clerk of Court

Entered on Docket
December 06, 2017

Chad C. Butterfield, Esq.
Nevada Bar No. 010532
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 South Fourth Street, 11th Floor
Las Vegas, Nevada 89101
(702) 727-1400; FAX (702) 727-1401
chad.butterfield@wilsonelser.com
*Attorneys for ONYX ENTERPRISES INTERNATIONAL CORP.*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>ALEJANDRO CORRAL,<br><br>Debtor. | Case No.:   BK-S-17-11765-ABL<br>Chapter 11<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR RULE 2004(a) EXAMINATION OF ALEJANDRO CORRAL** |

The Application of Onyx Enterprises International Corp. ("Onyx"), creditor in the above-captioned chapter 11 case for examination of Alejandro Corral, pursuant to Bankruptcy Rule 2004(a), having been submitted to this Court and good cause appearing:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Alejandro Corral ("Mr. Corral") shall appear and submit to oral examination before a notary public or some other person authorized to administer oaths on December 18, 2017 at 9:00 a.m. at Wilson, Elser,

1

1231086V.1

Case 17-11765-abl    Doc 241    Entered 12/08/17 14:04:22    Page 2 of 3

Moskowitz, Edelman & Dicker LLP, 300 South Fourth Street, 11th Floor, Las Vegas, Nevada, in relation to the following:

> Acts, conduct or property of the purported debtor Regency Global Solutions, Inc. d/b/a Precharge Risk Management Solutions ("Regency"), or to any matter which may affect the administration of the debtor's estate, or its right to discharge.
>
> Acts, conduct, or property of the debtor that relate to the liabilities and financial condition of Regency, including but not limited to:
>
> - The names and addresses of all stockholders, officers and directors.
> - If Regency is a partnership, the names and addresses of all partners.
> - If Regency is a limited partnership, the names and addresses of all general partners.
> - If Regency is a limited liability company, the names and addresses of all members and managers.
> - All businesses in which the principals of Regency have an interest, including the nature of any such interest.
> - All bank accounts of Regency, including the name of the bank, the address, the account number, and the name in which the account is held.
> - Real estate owned by Regency, including: (a) name(s) in which property is owned; (b) address of property; (c) date the property was purchased; (d) purchase price; (e) name and address of mortgage holder; (f) balance due on mortgage; and (g) the name and addresses of all tenants and monthly rentals paid by each tenant.
> - All motor vehicles owned by Regency.
> - All accounts receivable due to Regency, including the name, address and amount due on each receivable.
> - Collection agencies Regency has contracted with from January 1, 2014 to the present.
> - All transfers of business assets that occurred within six months prior to the bankruptcy filing, including: (a) the nature of the asset; (b) the date of the transfer; (c) the name and address of the person and/or entity to whom the asset was transferred; (d) the consideration paid for the asset and the form in which it was paid; and (e) what happened to the consideration paid for the asset.
> - If Regency is alleged to be no longer active: (a) the date of cessation; (b) all assets as of the date of cessation; (c) the present location of those assets; (d) if the assets were sold or transferred.

1231086V.1

Case 17-11765-abl    Doc 7241    Entered 12/08/17 09:48:22    Page 3 of 3

- Judgments entered against Regency, including: (a) creditor's name; (b) creditor's attorney; (c) amount due; (d) name of court; and (e) docket number or case number.
- For all litigation in which Regency is presently involved: (a) the date litigation commenced; (b) name of party who started the litigation; (c) nature of the action; names of all parties and the names, addresses and telephone numbers of their attorneys; (e) trial date; (f) status of case; and (g) name of the court and docket number.

Submitted on November 30, 2017 by:

              **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

BY: */s/ Chad C. Butterfield*
      Chad C. Butterfield, Esq.
      Nevada Bar No. 010532
      300 South Fourth Street, 11th Floor
      Las Vegas, Nevada 89101
      *Attorneys for ONYX ENTERPRISES INTERNATIONAL CORP.*

3

1231086V.1

## Klusmann, Alexa B.

**From:** USBC_NEVADA@nvb.uscourts.gov
**Sent:** Wednesday, December 06, 2017 2:43 PM
**To:** Courtmail@nvb.uscourts.gov
**Subject:** 17-11765-abl Order on Motion for Examination

CAUTION: External Email - Don't open attachments/links unless known as safe

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

## U.S. Bankruptcy Court

## District of Nevada

Notice of Electronic Filing

The following transaction was received from Garrett, ME entered on 12/6/2017 at 2:43 PM PST and filed on 12/6/2017
**Case Name:** ALEJANDRO CORRAL
**Case Number:** 17-11765-abl
**Document Number:** 74

**Docket Text:**
Order Granting Motion for 2004 Examination (Related document(s) [72]) (mag)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** appl_for_ord_require_Corral_appear_rule_2004a_exam.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=989277954 [Date=12/6/2017] [FileNumber=30517680-0
] [4f7b5cf4d92882089220e022ce94d7df8fe8bc943df07107d787c188fa2421f7b46
e6f009c380a58ec4ca1f0699797755c82c200c9e93494b74c98d6df8221dc]]

**17-11765-abl Notice will be electronically mailed to:**

CHAD C. BUTTERFIELD on behalf of Creditor ONYX ENTERPRISES INTERNATIONAL CORP
chad.butterfield@wilsonelser.com, efilelasvegas@wilsonelser.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE - LV - 11
edward.m.mcdonald@usdoj.gov

JAMES E. SHIVELY on behalf of Creditor TD AUTO FINANCE LLC
bkecf@bsmplc.com

1

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

**17-11765-abl Notice will not be electronically mailed to:**

ALEJANDRO CORRAL
3172 NORTH RAINBOW BOULEVARD
#1134
LAS VEGAS, NV 89108

MAJR FINANCIAL SERVICING
MYJEWELERSCLUB
JEWEL PANCOAST
,

PRA RECEIVABLES MANAGEMENT, LLC
PO BOX 41021
NORFOLK, VA 23541

| Attorney or Party without Attorney:<br>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP<br>CHAD C. BUTTERFIELD, ESQ. (NBN 010532)<br>300 S. FOURTH STREET, 11TH FLOOR<br>LAS VEGAS, NV 89101<br>Telephone No: (702) 727-1400 | | | | For Court Use Only |
|---|---|---|---|---|
| Attorney For: ONYX ENTERPRISES INTERNATIONAL CORP. | Ref. No. or File No.: | | | |
| Insert name of Court, and Judicial District and Branch Court:<br>UNITED STATES BANKRUPTCY COURT, DISTRICT OF NEVADA | | | | |
| Plaintiff: In re: ALEJANDRO CORRAL, Debtor.<br>Defendant: ///// | | | | |
| **AFFIDAVIT OF SERVICE** | Hearing Date:<br>12/18/2017 | Time:<br>9:00 AM | Dept/Div: | Case Number:<br>BK-S-17-11765-ABL |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA FOR RULE 2004 EXAMINATION; ORDER GRANTING EX PARTE APPLICATION FOR RULE 2004(a) EXAMINATION OF ALEJANDRO CORRAL

3. a. Party served: ALEJANDRO CORRAL
   b. Person served: party in item 3a.

4. Address where the party was served: 1011 BLUE LANTERN DRIVE, HENDERSON, NV 89015

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed, Dec 06 2017 (2) at: 06:13 PM

6. Person Who Served Papers:
   a. Deyber Jimenez (R-063775)
   b. FIRST LEGAL
      NEVADA PI/PS LICENSE 1452
      2920 N. GREEN VALLEY PARKWAY, SUITE 514
      HENDERSON, NV 89014
   c. (702) 671-4002

Fee for Service:
I Declare under penalty of perjury under the laws of the State of NEVADA that the foregoing is true and correct.

12/07/17 (Date)    (Signature)

7. STATE OF NEVADA, COUNTY OF Clark
   Subscribed and sworn to (or affirmed) before on this 7th day of December, 2017 by Deyber Jimenez (R-063775) proved to me on the basis of satisfactory evidence to be the person who appeared before me.

(Notary Signature)

D.R.M. BELTRAN
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 09-19-20
Certificate No: 16-3583-1



AFFIDAVIT OF SERVICE

1852945
(55058928)

# CERTIFICATE OF SERVICE

I certify that I am an employee of WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, and that on this 8th day of December 2017, I served a true and correct copy of the **Subpoena for Rule 2004 Examination with Order Granting Ex Parte Application for Rule 2004(a) Examination of Alejandro Corral and Affidavit of Service re Alejandro Corral** as follows:

☒ by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada to:

Alejandro Corral
3172 North Rainbow Blvd. #1134
Las Vegas, NV 89108

Alejandro Corral
1011 Blue Lantern Drive
Henderson NV 89015

☒ via electronic means by operation of the Court's electronic filing system, upon each party in this case who is registered as an electronic case filing user with the Clerk;

☐ via hand-delivery to the addressees listed below;

☐ via facsimile;

☐ by transmitting via email the document listed above to the email address set forth below on this date before 5:00 p.m.

BY _/s/ Naomi E. Sudranski_____
An Employee of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

1